Steven Paul FLEMING, Appellant

v.

UNITED STATES of America VETER-
ANS ADMINISTRATION; Secretary
of Veterans Affairs; Zane Memeger,
Esq. United States Attorney.

No. 12–1386.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 April 12, 2012.

Opinion filed: April 30, 2012.

Steven Paul Fleming, Lansdale, PA, pro
se.

Before RENDELL, HARDIMAN and
VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

Stephen Fleming appeals from the dis-
missal of his complaint under 28 U.S.C.
§ 1915A(b)(1) and the denial of his motions
for reconsideration. We have jurisdiction

under 28 U.S.C. § 1291,[1] conducting plena-
ry review of the dismissal and abuse-of-
discretion review of denials of post-judg-
ment motions for reconsideration.
*Tourscher v. McCullough,* 184 F.3d 236,
240 (3d Cir.1999); *Bushman v. Halm,* 798
F.2d 651, 656 n. 9 (3d Cir.1986).

We are in full accord with the District
Court, and finding no substantial question
presented by this appeal, we will summari-
ly affirm the Court's judgment. *See Mur-
ray v. Bledsoe,* 650 F.3d 246, 248 (3d Cir.
2011); *see also* 3d Cir. L.A.R. 27.4; I.O.P.
10.6. To the extent that the complaint
intended to attack conduct taking place in
1989 and 1990, relief is likely forestalled by
the limitations periods of both 42 U.S.C.
§ 1983 and the Federal Tort Claims Act,
*see* 28 U.S.C. § 2401(a), a defect that is
clear from the face of the complaint. *Kach
v. Hose,* 589 F.3d 626, 634 (3d Cir.2009);
*Ray v. Kertes,* 285 F.3d 287, 296 (3d Cir.
2002); *Fratus v. DeLand,* 49 F.3d 673,
674–75 (10th Cir.1995). To the extent that
a liberal reading of the pro se complaint,
*see Richardson v. Miller,* 446 F.2d 1247,
1248 (3d Cir.1971), suggests that Fleming
intended to complain of ongoing conduct
that might fall within the limitations peri-
od—or, in the alternative, were he able to
make a case for tolling of the statute of
limitations, *see, e.g., Santos v. United
States,* 559 F.3d 189, 194–95 (3d Cir.2009);
*Lake v. Arnold,* 232 F.3d 360, 370 (3d
Cir.2000)—we find that the complaint still
fails to "state a plausible claim for relief."
*Burtch v. Milberg Factors, Inc.,* 662 F.3d
212, 225 (3d Cir.2011) (citing *Ashcroft v.
Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950,

---

1. The District Court's order did not comply
with Fed.R.Civ.P. 58(a). *See In re Cendant
Corp. Secs. Litig.,* 454 F.3d 235, 242–43 (3d
Cir.2006); *see also Kidd v. District of Colum-
bia,* 206 F.3d 35, 39 (D.C.Cir.2000). There-
fore, because Fleming's postjudgment mo-
tions and notice of appeal were timely filed

under Fed.R.Civ.P. 58(c)(2)(B), the appeal it-
self is timely as to all of his submissions. *See
CTC Imp. & Exp. v. Nigerian Petroleum Corp.,*
951 F.2d 573, 577 (3d Cir.1991); *Federal
Kemper Ins. Co. v. Rauscher,* 807 F.2d 345,
348 (3d Cir.1986).

173 L.Ed.2d 868 (2009)). The motions for reconsideration, all of which were properly denied, amply demonstrate that amendment of the complaint would have been futile and that granting leave to amend was therefore unnecessary. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110–111 (3d Cir.2002).

In sum, we will affirm the judgment of the District Court.